Filed 7/16/26  P. v. Mack CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B342237 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA015023-01) |
| v. | |
| TIMOTHY JEROME MACK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Scott T. Millington, Judge.  Affirmed in part, vacated in part, and remanded with directions.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

Timothy Jerome Mack (defendant) appeals from the trial court's order partially granting his purported resentencing motion and awarding him one additional day of presentencing custody credits. Defendant argues that the court erroneously denied his request for a full resentencing hearing. Because the court lacked jurisdiction to modify defendant's long-final sentence, we vacate that portion of the order and remand for further proceedings consistent with this opinion, including issuance of an amended abstract of judgment. In all other respects, the order is affirmed.

## BACKGROUND

In 1994, a jury convicted defendant of two counts of attempted first-degree murder (Pen. Code, §§ 664, 187, subd. (a)[1]); two counts of assault with a firearm upon a peace officer (§ 245, subd. (d)(1)); and one count of unlawful possession of a firearm (former § 12021.1). The jury also found that defendant personally used a firearm (§§ 12022.5, subd. (a), former 1203.06, subd. (a)(1)) and had three prior convictions.

The trial court sentenced defendant to two consecutive life terms with the possibility of parole, plus 20 years and eight months in state prison. Defendant received 625 days of presentence custody credit, including 417 days of actual custody credit. On direct appeal, we struck a five-year sentence enhancement and otherwise affirmed the judgment. (*People v. Mack* (1995) 38 Cal.App.4th 1484, 1489.)

On September 19, 2024, defendant filed a "Motion to Correct Unauthorized Sentence Pursuant to Penal Code Section

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

1237.1[.]" Defendant asserted that his sentence was unauthorized because the sentencing court miscalculated his actual custody credits by one day. Defendant argued that this error not only entitled him to an additional day of credit, but also a full resentencing hearing.

On September 24, 2024, the trial court modified defendant's sentence to reflect 418 days of actual custody credit and otherwise denied the motion. Defendant timely appealed.

## DISCUSSION

### I. The Trial Court Did Not Have Jurisdiction to Modify Defendant's Sentence

The parties dispute whether the trial court had jurisdiction to correct defendant's custody credits nearly 30 years after his sentence became final.[2]

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.]" (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) In other words, "[o]nce a criminal defendant's conviction and sentence become final, trial courts lack jurisdiction to revisit that judgment absent a specific, authorized vehicle for doing so; there is no free-floating jurisdiction to revisit a final criminal judgment." (*People v. Esquivias* (2024) 103 Cal.App.5th 969, 976 (*Esquivias*), review granted Oct. 2, 2024, S286371.)

Defendant's sentence became final following its modification upon direct appeal in 1995. (*People v. Padilla* (2022) 13 Cal.5th 152, 161 ["A case is final when 'the criminal proceeding as a whole' has ended [citation] and 'the courts can no

---

[2] We assume, as the parties do, that the error in defendant's custody credit calculation was judicial rather than clerical.

3

longer provide a remedy to a defendant on direct review' [citation]."].) Thus, neither we nor the trial court may revisit his sentence absent a "specific, authorized vehicle" empowering us to do so. (*Esquivias*, *supra*, 103 Cal.App.5th at p. 976, review granted.)

A valid resentencing motion can create jurisdiction to revisit a final sentence. (See *People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118 (*Hernandez*) [listing examples of such "special statutory procedure[s]"].) Here, defendant purported to file a resentencing motion under section 1237.1. But as the People note on appeal, that statute does not allow courts to recall or modify final sentences. Section 1237.1 merely " 'vest[s] jurisdiction in trial courts to correct custody credits . . . . pending [direct] appeal[.]' " (*People v. Taft* (2026) 119 Cal.App.5th 380, 388.) Defendant's request, filed 29 years after his direct appeal was decided, exceeds the bounds of section 1237.1. His invalid motion did not give the trial court jurisdiction to modify his long-final sentence.

Defendant does not dispute this conclusion. Instead, he attempts to invoke the " 'unauthorized sentence' rule," which "generally permits . . . defendant[s] to 'challenge an unauthorized sentence on appeal even if they failed to object below[.]' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1129, italics omitted.) But our Supreme Court has held that "to invoke this rule[,] the court must have jurisdiction over the judgment." (*Id.* at p. 1130.) Accordingly, we have held that "the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of

the sentence has begun." (*People v. King* (2022) 77 Cal.App.5th 629, 641–642 (*King*).)

Defendant urges us to depart from our holding in *King* and adopt the contrary view that "[a] trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if execution of the sentence has commenced or the judgment imposing the sentence has become final . . . , provided the error is apparent from the face of the record." (*People v. Codinha* (2023) 92 Cal.App.5th 976, 990.) We continue to agree with our prior analysis in *King*, as well as the subsequent cases that have followed its reasoning. (See, e.g., *People v. Mohammed* (2026) 120 Cal.App.5th 222, 231; *People v. Garcia* (2025) 114 Cal.App.5th 139, 146; *People v. Singleton* (2025) 113 Cal.App.5th 783, 797; *Hernandez, supra*, 103 Cal.App.5th at p. 1123; *People v. Boyd* (2024) 103 Cal.App.5th 56, 67 (*Boyd*).)

Because the trial court "lacked fundamental jurisdiction" to modify defendant's sentence, that portion of "its order was . . . void, not simply voidable." (*Boyd, supra*, 103 Cal.App.5th at p. 71.) We therefore vacate the order to the extent that it modifies defendant's sentence. (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 [courts have "inherent power to vacate void orders"].) Defendant's arguments regarding his entitlement to full resentencing are moot.

## II.    It Is Unclear Whether Defendant is Entitled to Additional Custody Credit

In the alternative, defendant asks us to construe his appeal as a writ of habeas corpus, as our colleagues in the Second Division of the Fourth District did in *Boyd*. (*See Boyd, supra*, 103

Cal.App.5th at p. 66 [a claim to address an unauthorized sentence must be raised in a petition for writ of habeas corpus].) We decline to do so because unlike in *Boyd*, the parties disagree as to whether defendant's custody credit calculation was correct. The People argue that "the record is not clear that [defendant's] custody credit calculation was incorrect[,]" and point out that "because [defendant] sought relief in a procedurally improper way, the People had no opportunity to respond to [his] motion to correct his sentence" prior to this appeal. Indeed, the record reflects that the trial court decided defendant's motion just five days after its submission, giving the People virtually no chance to obtain and review defendant's 1994 sentencing record or to oppose his motion. Our reasoning should not be construed as requiring trial courts to solicit opposition or hold a hearing before deciding section 1237.1 motions, which are usually "informal[ly]" briefed and decided. (§ 1237.1.)

The parties' dispute regarding defendant's entitlement to relief has not been litigated or fully briefed. Because we should not resolve this dispute on this underdeveloped record, requiring defendant to petition for a writ of habeas corpus would not be a futile or needless consumption of judicial resources. As we have held previously, by "requiring the parties to follow the appropriate procedures for invoking a court's jurisdiction to consider an alleged unlawful sentence, we are not needlessly exalting form over substance." (*King, supra*, 77 Cal.App.5th at p. 641.)

## DISPOSITION

The September 24, 2024, order is vacated insofar as it modified defendant's custody credits. We remand for further

6

proceedings consistent with this opinion, including issuance of an amended abstract of judgment.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
GOORVITCH

We concur:

_____, Acting P. J.
CHAVEZ

_____, J.
GILBERT*

---

* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.